Green, J.
delivered the opinion of the court.
From this record it appears that A. Looney & son obtained judgments against James Stockard, the complainant’s ancestor, before a justice of the peace, in July, 1829. Execu *120 tions were levied on the land in controversy and returned to the July sessions of the Maury county court, at which term an order condemning the land to be sold was made. A ven-ditioni exponas issued, tested of the July term and returnable to the October term of the court. No sale was made, and the process was returned. James Stockard died in August, 1829. Another venditioni exponas issued, tested of the October term, after the death of the defendant in the execution, James Stockard. By virtue of this process, the land was sold and the Looneys became purchasers. The other defendants hold under them. The complainants, heirs of James Stockard, file this bill to set aside the sale and to be placed in possession of the land.
1. There is no question in this case but that the sale of the land was void. Stockard, the execution debtor, was dead before the term of the court from which the venditioni expo-nas issued. This process was improperly issued. The land had descended to the heirs, and was not liable to the ancestor’s debts until the personal assets were exhausted. And this should have been made to appear by proceeding against the administrator; after which the lands of the heirs might have been rendered liable, by scire facias; but as this was not done, the sale was void, and must be set aside.
2. But it is insisted that the defendants ought to be substituted to the rights of Looney and. son, the creditors, and that as these lands in the hands, of the complainants are liable for the payment of the ancestor’s debts, they ought to be required to pay the amount of the judgments of A. Looney and son, with interest, to the defendant Craig, or that the land in controversy, be sold to satisfy the same, and his Hon- or the Chancellor so decreed. The decree in this particular is erroneous.
The lands descended to the complainants from their ancestor, James Stockard, are liable- for his debts, only in the event that there are no personal assets. But it does not appear from this record that there are not personal assets amply sufficient to satisfy all demands against the estate of Jas. Stockard. The fact that his lands were levied on in his lifetime, does not prove the want of personal estate. He may *121 have had personal estate which the officer could not find, or which was situate in another county. Before the land can be liable, this must appear either by bill, under the act of 1827, or by scire facias against the administrator. But this has not been done.
3. It is objected that these complainants should have brought the administrator before the court in this cause, and then the fact that there were no personal assets, might have been made to appear. It was neither the interest nor duty of the complainants to make the administrator a party.— Their right to the enjoyment of their land is obstructed by the defendant, Craig, who claims by virtue of a void sale. He, alone, was a necessary defendant. If he supposed himself entitled to be substituted to the rights of the creditors, under whose execution sale he claims title to the land, he might have filed his cross bill, making these heirs the creditors and the administrator of Stockard parties. Had that been done the whole subject could have been investigated.
4. It is said the Looneys had a lien upon this land, and this court may now enforce that lien without resorting to the personal representative. This court decided in the case of Green vs. Shaver, 3 Hump. Rep. that the levy of an attachment, although a lien on the land, could not excuse a resort to the personal representative of the debtor should he die before the judgment and sale.
This decree so far as it makes the land liable for the satisfaction of the judgments of A. Looney and son, is erroneous and must be reversed.
In other respects it will be affirmed.